Chief Judge Fuld (dissenting).
The determination now being
made—which authorizes the Surrogate to withhold release of the decedent’s funds (Surrogate’s Ct. Act, § 269-a, now SCPA 2218)—■ seems to me to be violative of the policies enunciated by the Supreme Court in its recent decision in Zschernig v. Miller (389 U. S. 429, particularly p. 437, n. 8; see, also, Ioannou v. New York, 391 U. S. 604). The majority’s conclusion that an assignment by a nonresident owner of impounded funds may be inconsistent with the statutory purpose rests upon the assumption that, ‘ ‘ because of the special circumstances in which the beneficiaries find themselves as domiciliarles in an iron-curtain
*356 country, they are in no position presently to assign any part of the funds withheld.” (Matter of Geiger, 7 N Y 2d 109, 112.). Such an assumption has, to quote from the opinion in Zschernig (389 U. S., at p. 441), “ a direct impact upon foreign relations ” and is beyond the competence of the Surrogate’s Court. Accordingly, I would affirm.
Judges Burke, Scileppi, Bergan and Jasen concur with Judge Breitel; Chief Judge Fuld dissents and votes to affirm in a separate opinion; Judge Keating dissents and votes to affirm on the opinion at the Appellate Division.
Order reversed and matter remitted to the Surrogate’s Court for further proceedings in accordance with the opinion herein, with costs to abide the event.